**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------------X**

167 LLC,

Plaintiff,

-against-

T-MOBILE USA, INC.,

Defendant.

**---------------------------------------------------------------------X**

**25-CV-05083 (VM) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On July 29, 2026, the Court held a discovery conference to address various discovery disputes between the parties. In particular, the Court addressed the dispute concerning Plaintiffs' second set of interrogatories, supplemental document requests, and amended Rule 30(b)(6) deposition notice. See ECF No. 28 at 3. As explained at the conference, to the extent Defendant is seeking information related to agreements involving T-Mobile and/or Sprint at other properties throughout New York City with different landlords, the information sought is irrelevant to the breach-of-contract claim here. The sole question is whether Defendant breached the site lease agreement by failing to pay the requested property taxes. That claim turns on an interpretation of the parties' agreement. Even if evidence outside of the four corners of the contract were relevant, the discovery Plaintiff seeks concerns different agreements with different landlords. Defendant's agreements with other landlords, its interpretation of those agreements, and/or its response to tax payment requests by those other landlords is irrelevant to whether the contract or course of dealing here requires payment of taxes. See, e.g., Liberty Mut. Fire Ins. Co. v. J.&S. Supply Corp., No. 13-CV-4784 (VSB), 2015 WL 13649824, at *11 (S.D.N.Y. June 29, 2015) (denying

defendant's request for the production of policy documents because "[e]vidence of [plaintiff]'s prior course of dealing and its prior interpretation of [the relevant phrase] in other cases will not be admissible to interpret the unambiguous contractual language at issue in this action").

Moreover, the requests are overly broad and unduly burdensome. As discussed at the conference, the requests seek information concerning potentially hundreds of contracts involving leases throughout New York City for a period of at least six years. As defense counsel explained, this would require Defendant to parse through all of these agreements and any amendments to determine whether the contracts contain the same provision at issue here. That itself would be unduly burdensome and disproportionate to the needs of this breach-of-contract claim. Counsel would also have to compile charts of the information sought, as all of the information requested is not maintained in the normal course by Defendant. See Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 141 (S.D.N.Y. 2011) (finding undue burden where party would need to "manually compile lists of potentially hundreds or thousands of product styles, and then conduct lengthy financial analyses to determine the necessary sales and costs information"). As such, Defendant's objections are sustained.

As discussed at the conference, Defendant is directed to provide the Court with the privileged documents at issue for in-camera review by **August 28, 2026**. Plaintiff is directed to file its letter concerning the documentation relied on in preparing the Real Property Income Expense Statements submitted to the City by **August 28, 2026**.

**SO ORDERED.**

DATED: New York, New York
August 4, 2026

VALERIE FIGUEREDO
United States Magistrate Judge